```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

CARY J. COHEN                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    1:06cv441(JCC)
                                 )
SHEEHY HONDA OF ALEXANDRIA,      )
INC.,                            )
                                 )
        Defendant.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the Court will deny Defendant's motion.

### I.  Background

Plaintiff, Cary J. Cohen, has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against Defendant, Sheehy Honda of Alexandria ("Sheehy").  Cohen, a Jewish male, began working as a sales consultant for Sheehy in its Alexandria location in February 2004.  At all times pertinent to the action, the general manager of Sheehy was Daniel Wernitznig, a Protestant male of German descent.  According to the allegations of the complaint, during the time that Cohen worked at Sheehy, Wernitznig treated him differently than the other Sheehy employees, most of whom were of Protestant background.  Specifically, Cohen alleges that

other Sheehy employees received benefits and training opportunities that Cohen did not receive.

On August 11, 2004, Cohen's employment with Sheehy was terminated.  Cohen alleges that Wernitznig informed him that his religion was the reason for his termination.  Cohen also claims that the abrupt nature of his termination, in light of his work history, is further evidence that his termination occurred for religion-based reasons.  He further alleges that a workers' compensation claim he filed on July 10, 2004 also formed a basis for his termination.  Based on this series of events, Cohen has filed a two-count complaint under Title VII, alleging that he received discriminatory treatment during the course of his employment and that he was wrongfully terminated.

On May 22, 2006, Sheehy filed a motion to dismiss, or in the alternative, for summary judgment.  Sheehy has attached the perfected charge of discrimination that Cohen filed with the Equal Employment Opportunity Commission ("EEOC") on June 10, 2005, which was 303 days after Cohen was terminated from his employment.  Based on this time differential, Sheehy argues that Cohen's claims are barred by the applicable statute of limitations.  Sheehy's motion is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (statute of limitations defense is an affirmative defense that merits a dismissal pursuant Rule 12(b)(6)). *See also* 5B Wright & Miller, *Federal Practice and Procedure* § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the

most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

### III.  Analysis

It appears that on March 24, 2005, Cohen filed a charge of discrimination with the EEOC detailing the same conduct that he alleges in his complaint in this action.  In that charge, Cohen listed August 11, 2004, the date of his termination, as the most recent date of discriminatory action.  Thereafter, on June 6, 2005, Cohen filed a second charge of discrimination with the EEOC.  The second charge was identical to the first in most respects and also listed August 11, 2004 as the most recent date of discriminatory action.[1]  On June 10, 2005, Cohen executed and filed a perfected charge of discrimination on the official form issued by the EEOC.[2]  Based on the time lapse between Cohen's date of termination and the date on which Cohen filed his perfected charge of discrimination, Sheehy argues that his claims are time-barred.

As an initial matter, the Court will not treat Sheehy's motion as a motion for summary judgment.  Although Sheehy's

---

[1] Cohen claims that he filed the second charge of discrimination in an attempt to ascertain the status of his claim.

[2] In his perfected charge of discrimination, Cohen claimed that the most recent date of discrimination was June 10, 2005.  He claims that he listed the later date because Sheehy failed to report to its benefits manager that Cohen had been terminated, thereby preventing Cohen from accessing his 401(k) plan.

argument relies on Cohen's June 10, 2005 charge of discrimination, which is not attached to the complaint, the Court may rely on the charge in passing on Sheehy's motion to dismiss. The Fourth Circuit has held that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)) (alterations in original). In this case, Cohen concedes that the charge of discrimination was integral to and explicitly relied upon in the complaint, as he would have been unable to file a civil action without first filing such a charge with the EEOC. Furthermore, Cohen does not challenge the authenticity of the charge of discrimination submitted by Sheehy. As such, the Court finds it unnecessary to construe Sheehy's motion as one for summary judgment, and the Court will rely on the parties' submissions in ruling on Sheehy's motion.

Under Title VII's enforcement scheme, a plaintiff must exhaust administrative and state remedies prior to filing a lawsuit. *See* 42 U.S.C. § 2000e-5; *Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 237 (4th Cir. 1987). In a "deferral state," such as Virginia, the plaintiff must file a

charge of discrimination with the EEOC or the appropriate state deferral agency within 300 days from the latest date of the alleged discrimination.  *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002) (noting that Virginia is a "deferral state").  Federal regulations provide that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 C.F.R. § 1601.12(b).

In this case, Cohen filed his first charge of discrimination on March 24, 2005.[3]  There is no question that the initial charge of discrimination was adequate to identify the parties and to describe generally the actions in issue.  Although Cohen did not file a perfected charge of discrimination until June 10, 2005, the March 24, 2005 charge is the relevant document for statute of limitations purposes.  *Cf. Edelman*, 300 F.3d at 404 ("An unverified but otherwise valid charge may be verified after the time for filing a charge has expired.").

Count I of Cohen's complaint alleges a discrete discriminatory act, namely Sheehy's alleged wrongful termination

---

[3]Sheehy has pointed to circumstances that call into question whether Cohen filed this March 24, 2005 charge of discrimination at all.  Should any evidence reveal that the statute of limitations has not been satisfied, Sheehy will be entitled to raise this contention again at the summary judgment stage.

of Cohen.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (identifying termination as a discrete act).  According to the Fourth Circuit, "an employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred."  *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004).  As Cohen filed his charge of discrimination within 300 days of his termination, Count I is timely filed.

Count II of Cohen's complaint alleges that Sheehy treated him in a discriminatory manner due to his religion.  This claim is based largely on Cohen's allegations that other Sheehy employees received benefits and training opportunities that were denied to Cohen on numerous occasions.  As such, Count II alleges a continuing violation.  As this Court has previously stated,

> [i]f one act in a continuous history of discriminatory conduct falls within the charge filing period, then acts that are plausibly or sufficiently related to that act which fall outside the filing period may be considered for purposes of liability even though these acts cannot serve as the basis for an EEOC charge.

*Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 812 (E.D. Va. 2003).  Construing Cohen's complaint in a light favorable to him, it appears that the alleged discriminatory course of conduct occurred until the time of his termination.  As stated above, Cohen filed his charge of discrimination within 300 days of that date.  Accordingly, Count II is timely filed.

**IV.  Conclusion**

For the foregoing reasons, the Court will deny Defendant's motion to dismiss.  An appropriate Order will issue.


June 19, 2006                       _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE